FILED

August 16, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002855515

WALTER & WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
8305 North Fresno Street, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@W2LG.com

Attorneys for Debtors

(SPACE BELOW FOR FILING)

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In re

MANUEL F. BARCELOS and MARY
F. BARCELOS,

    Debtors.

Tax ID #: xxx-xx-6412; xxx-xx-6120
Address: 5220 Coronado St.
           Chowchilla, CA 93610

CASE NO. 10-17173

Chapter 12

DC No.: WW-3

Date: September 16, 2010
Time: 3:00 o'clock
Place: 2500 Tulare Street
        Fresno, CA 93721
Dept: 12
Judge: Honorable W. Richard Lee

## CHAPTER 12 PLAN DATED AS OF JULY 31, 2010

COMES NOW the Debtor(s) and submit(s) the following Chapter 12 plan of

reorganization in satisfaction of all claims.

    1.    On June 25, 2010, (Petition Date) Debtor[1] filed a Petition under Chapter

12 of the United States Bankruptcy Code, 11 U.S.C. § 1201 *et seq.* ("Code").

    2.    Debtor is a person who owns and operates a farming operation engaged

in farming, tillage of the soil, dairy farming, ranching, production or raising of crops,

poultry, or livestock, production of poultry or livestock products in an unmanufactured

state and is eligible for Chapter 12 relief. A description of Debtor's operation is at

---

[1] Debtor means the person or persons described in the caption and is referred to herein in the singular for
convenience.

Exhibit 1.

3.    Debtor has been operating under the supervision of the Chapter 12 Trustee and Bankruptcy Court since the Petition Date.  Subject to such limitations as the Court has prescribed, Debtor has operated with the rights and powers allowed for under 11 U.S.C. § 1203, including the right to continue to operate the Debtor's farm.

4.    *Plan Period.*  The Plan shall be for 60 months.  Cause exists to extend the Plan beyond 36 months because Section 1222(a)(2)(A) requires a 60 month plan to receive a discharge.

5.    *Plan Disbursements.*  The Plan provides for the submission of the payments under the Plan to the supervision and control of the Chapter 12 Trustee as is necessary for the execution of the Plan, except for claims that will be paid directly by the Debtor.

The Debtor will make the following payments to the following unimpaired creditors directly:

Wells Fargo Bank - $719.46 per month – First deed of trust on residence

Westamerica Bank - $221.58 per month – 2007 Ford Fusion

### CLAIM I.  Administrative Claims

6.    The Plan provides for the full payment of all administrative claims entitled to priority under 11 U.S.C. § 507(a)(2), and as allowed under 11 U.S.C. § 503(b), including professional fees and including the following:

(a)    Walter & Wilhelm Law Group, attorneys for Debtors, in the amount of $3,000; and

(b)    Bean Hunt & Company, accountants for Debtors, in the amount of $3,000.

-2-

All administrative claims, including professional fees and expenses, shall be paid in full from the first funds available, except for the fees of the Chapter 12 Trustee which shall be paid pursuant to 11 U.S.C. § 1202(d)(1). Post confirmation fees will be paid in the ordinary course.

**Allowed Claims Secured by Real Estate**

7.	*Unmodified Claim.* Debtor elects to leave unaffected the rights of Secured Claimholder Wells Fargo Bank, secured by a first deed of trust on the Debtors' residence. Debtor shall pay the allowed secured claim of Secured Claimholder $719.46 per month directly outside the Plan, in accordance with the terms and conditions of the respective loan documents. Said loan was current on the Petition Date and is unimpaired.

8.	*Surrendered Real Estate.* With respect to the allowed secured claim of Secured Claimholder N/A, Debtor surrenders the following real property:

	(a)	None.

	(b)	None.

9.	*Retained Real Estate.* Debtor shall retain following described real estate:

	(a)	Residence at 5220 Coronado St., Chowchilla, California, the value of which is $180,000.00; and

*Retain Lien.* Secured Claimholder Wells Fargo Bank shall retain a lien securing its allowed secured claim.

*.Default Waived.* To the extent Debtor is in default to Wells Fargo Bank, the default shall be deemed cured.

**CLAIM III.  Allowed Claims Secured by Personal Property**

10.	*Unmodified Claim.* Debtors elect to leave unaffected the rights of Secured

Creditor Westamerica Bank, secured by a 2007 Ford Fusion. Debtors shall pay

$221.58 per month directly outside the Plan. Said loan was current on the Petition Date

and is unimpaired.

11.    *Unmodified Claim.* The Debtor elects to leave unaffected the rights of

Secured Claimholder Westamerica Bank. Debtor shall pay the allowed secured claim of

Secured Claimholder Westamerica - directly.

*Retain Lien.* Secured Claimholder Westamerica Bank shall retain a lien securing

its allowed secured claim.

*Default Waived.* To the extent Debtor is in default to Westamerica Bank, the

default shall be waived.

### CLAIM IV. Executory Contracts and Unexpired Leases

*Machado.*

12.    The Debtors own a dairy cow herd and personal property. Machado holds

an undersecured claim on this collateral and is in possession of the collateral. Machado

shall liquidate the herd and collateral in accordance with the Commercial Code. Any

resulting unsecured claim will be allowed as a general unsecured claim. If Machado

has not already foreclosed his security interest, upon confirmation of this Plan all

collateral in his possession shall be sold and transferred to him. Debtors consent to

vacating the automatic stay for this purpose.

*Undersecured Claim.*

13.    Bank of the West; J.D. Heiskel Holdings, LLC; and Union Financial hold

junior secured claims against the collateral that will be acquired by Machado and are

undersecured as to Debtor. Debtor consents to relief from stay as to such claims and

any resulting undersecured claims will be included in the General Unsecured Claim

-4-

Class.

## CLAIM V. Priority Unsecured Claims

14.     The Plan provides for the full payment, in deferred cash payments, of the following pre-petition claims entitled to priority under 11 U.S.C. § 507:

(a)     County of Madera, personal property tax claim for about $1221. This claim will be paid in full plus statutory interest after payment of administrative claims;

## CLAIM VI. Allowed Unsecured Claims

15.     The Plan modifies the rights of holders of allowed unsecured claims.

*Inclusion of Taxes.*  General Unsecured Claims shall include any amount owed to a governmental unit as a result of the sale, transfer, exchange, or other disposition of any farm asset used in the Debtor's farming operation that is not entitled to priority under 11 U.S.C. § 507, but the claim shall be treated in such manner only if Debtor receives a discharge.

*Unsecured Claim Amount.*  Debtor shall pay to the Chapter 12 Trustee $150.00 per month for a total of $9,000.00 over the term of the Plan, which is greater than the amount that would be paid to allowed unsecured claimholders if the estate of Debtor were liquidated under Chapter 7 (under a hypothetical liquidation).  The liquidation analysis is attached hereto as a part of Exhibit 1.  The allowed unsecured claimholders shall share pro-rata in the disbursement after payment of higher priority claims. Payment to the Chapter 12 Trustee shall begin 30 days after confirmation and distributions will be made as to the Chapter 12 Trustee shall decide.

*Period of Repayment and Interest Rate.*  The allowed unsecured claims shall be paid over the life of the Plan.

///

CHAPTER 12 PLAN DATED JULY 31, 2010

M:\A-C\Barcelos, Manuel & Mary\Pleadings\WW-3
Chapter 12 Plan\plan.080710.gaa.docx

*Stay of Disbursement Until Taxes are Ascertained.* To the extent 11 U.S.C. § 1222(a)(2)(A) is applicable, no disbursements shall be made to any allowed unsecured creditors until the amount of the tax owed to governmental entities for the sale of assets used in the farming operation is ascertained. The Debtors shall timely file all tax returns so this claim amount can be ascertained.

16. The Plan provides that the value of the property distributed under the plan is not less than Debtor's projected disposable income for the plan period, an amount determined to be as set forth in the projected cash flow analysis attached hereto as a part of Exhibit 1.

Projections regarding disposable income are an integral part of this Chapter 12 plan, and once confirmed, the disposable income requirement set forth herein can only be modified under 11 U.S.C. § 1229.

### General

17. Debtor anticipates tax consequences due to the liquidation of the Machado collateral:

The sale of Debtors' personal property by the Machado foreclosure sale is expected to generate about $155,000 of federal income taxes with $79,000 of state income taxes based on preliminary computations.

18. Payment for any claim against Debtor may be made from property of the estate or property of the Debtor.

19. Debtor may sell, with Court approval, all or any part of the property of the estate or may distribute any property of the estate among those having an interest in such property.

20. The property of the estate shall be vested in Debtor on confirmation of the

-6-

Plan; and shall be free and clear of any claim or interest of any creditor except as provided for by the Plan.

21. The Plan has been proposed in good faith, is in the best interest of creditors, is feasible, and Debtor commits all projected disposable income (based on the income and expenditures of the Debtor during the six months prior to the Petition Date) to the Plan.

All disputes regarding disposable income shall be raised at the Plan confirmation hearing.

22. The provisions of this confirmed Plan bind Debtor, each creditor, and each interest holder, whether or not the claim of such creditor, or such holder, is provided for by the Plan, and whether or not such creditor, or such holder, has objected to, has accepted, or has rejected the Plan.

23. The Court shall retain jurisdiction over proceedings relative to this Chapter 12 case.

24. Debtor reserves the right to seek an order amending or modifying the Plan after confirmation pursuant to 11 U.S.C. § 1229.

///

///

///

///

///

///

///

///

///

-7-

25.    Other terms of this Plan are set out on Exhibits 1, which is incorporated herein by reference and made a part hereof.

Dated: August _10_, 2010

_____
Manuel F. Barcelos

Dated: August _10_, 2010

_____
Mary F. Barcelos

APPROVED AS TO FORM:

WALTER & WILHELM LAW GROUP,
a Professional Corporation

By: _____
Riley C. Walter,
Attorneys for Debtors

CHAPTER 12 PLAN DATED JULY 31, 2010

M:\A-C\Barcelos, Manuel & Mary\Pleadings\WW-3
Chapter 12 Plan\plan.080710.gaa.docx